## PEOPLE *v.* GREENWAY.

1. CRIMINAL LAW—SENTENCE—BREAKING INTO A SAFE.

   Sentence of 7-1/2 to 15 years imposed for breaking a safe that was taken from a building with intent to commit the crime of larceny was within limits fixed by statute relative to breaking into a safe wherein the crime was termed a felony subject to imprisonment for life or any term of years (CL 1948, § 750-.531).

2. INDICTMENT AND INFORMATION—AMENDMENT—BREAKING INTO A SAFE.

   Amendment of information during trial on charge of breaking into a safe taken from a building with intent to commit crime of larceny, whereby the situs of the crime was changed from a city to a township in the same county and language describing the safe as having been "in a certain" building to "taken from" such building, did not thereby prejudice the defendant, where the place of the crime was not of the essence nor in issue, the new description of the crime otherwise served clarity, and the amendment did not change the substance of the crime (CL 1948, § 750.531).

3. CRIMINAL LAW—HOSTILE WITNESS—PREJUDICE.

   The fact that a witness called by the people in a prosecution for crime may be hostile does not give the people the right to inject into the case inadmissible material that is prejudicial to the defendant.

4. SAME—PREVIOUS IMPRISONMENT.

   It was reversible error and a denial of due process for prosecution to inject into felony case the immaterial and irrelevant fact of defendant's previous imprisonment and such tactic was not

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur, Criminal Law § 505 *et seq.*
[2] 27 Am Jur, Indictments and Informations §§ 182, 184.
[4] 20 Am Jur, Evidence § 309 *et seq.*

excused by reason of the fact that defendant, who had not yet taken the stand when motion for mistrial was made and denied, later took the stand, his extensive criminal record was reviewed, and explanation made in attempted mitigation; there being no conspiracy charged.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 23, 1961. (Docket No. 104, Calendar No. 48,592.) Decided March 16, 1962.

William Greenway was convicted of breaking into a safe. Reversed and remanded.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, *Walter P. Kuta,* Prosecuting Attorney, and *Robert F. Leonard,* Assistant Prosecuting Attorney, for the people.

*William Greenway, in propria persona.*

Dethmers, C. J. Defendant was charged with breaking a safe taken from a restaurant with intent to commit the crime of larceny. He was convicted by jury verdict. The court sentenced him to serve from 7-1/2 to 15 years in prison. He appeals.

There is no merit to defendant's contention that he was tried for a crime not known to Michigan law and improperly sentenced as for robbery. CL 1948, § 750.531 (Stat Ann § 28.799), contains language constituting the offense charged a felony. It prescribes a maximum penalty of imprisonment for life or any term of years. The court did not purport to impose sentence for robbery, but for the offense of which defendant stood convicted. The sentence was within the limits fixed by the mentioned statute.

Defendant's rights were not prejudiced by the court's order, consented to by defendant's counsel, granting the prosecuting attorney's motion, during trial, to amend the information to change its allega-

tion of the situs of the crime from the city of Flint in Genesee county to the township of Mundy in the same county, and the language therein describing the safe as having been "in a certain" building to "taken from" such building. The place of the crime was not of the essence nor in issue, and the offense charged was not, as defendant contends, changed by the amendment from breaking a safe to taking a safe, the amendatory language serving only to describe the safe, when broken, as one taken from, rather than located in, such building. Clarity was served by the amendment, the substance of the charge was not changed, and, as his counsel manifestly believed when he consented to it in open court, defendant was not prejudiced thereby.

Before trial defendant's cousin, James Greenway, admitted having committed the offense and implicated defendant and one Gene Carter as having joined him in its perpetration. He testified to the same effect on trial. Then the people called Carter as their witness. Apparently he had previously given the officers a statement about commission of the offense, involving himself and the Greenways, the substance of which he denied on the witness stand. It is evident from the record that the prosecuting attorney was familiar with what Carter had told the officers and that the answer Carter gave to one of the prosecutor's questions came as no surprise to him. The question was, "Where did you meet William Greenway (defendant)?" Carter answered, "In the Arkansas prison." Defendant's counsel promptly objected and requested that the. court declare a mistrial. This the court denied.

The people urge that the question and answer did not constitute prejudicial error because Carter, called by the people, was a hostile witness. No right accrued to the people, from that fact, to inject into the case material prejudicial to the defendant.

The people also justify the occurrence on the ground that later in the trial defense counsel called the defendant to the stand and asked him about his extensive criminal record and elicited testimony in explanation and attempted mitigation. By that time, however, the damage had already been done to defendant's cause in the minds of the jurors, and this may have prompted his counsel to conclude, after his motion for mistrial had been denied, that it would be making the best of a bad situation to attempt to bring out and explain away the injurious implications of a record of imprisonment gained, as defendant claimed, during extreme youth and while intoxicated. Pursuit of that trial tactic by the defense, entirely understandable under the circumstances, does not excuse the prejudicial conduct of the prosecution in bringing the fact of defendant's previous imprisonment to the attention of the jury.

Neither was the matter of his previous imprisonment admissible as bearing on defendant's credibility as a witness inasmuch as he had not yet offered himself as a witness in the cause. It may well be that he would not have done so at all, except as he felt compelled to do so by the prosecutor's question and Carter's answer.

The prosecution contends, finally, that it had the right to show defendant's previous imprisonment, and Carter's meeting him in prison, for a definite purpose, namely, "to show the relationship that a jury might infer existed between" Carter and defendant "which was germane to the people's case." Cited is *People* v. *Fleish,* 321 Mich 443, at page 462 of which the above quoted language appears. In *Fleish* the charge was conspiracy to murder. No conspiracy is charged in this case. It is difficult to see how Carter's and defendant's imprisonment at the same time in Arkansas is "germane to the

people's case" here.   In *Fleish* this Court also said (p 461):

"There is no disposition to depart from the rule which in general is that as to a defendant who does not testify in his own behalf, evidence of former convictions or offenses is not admissible except in cases wherein such evidence is material and relevant to the issue being tried."

We are satisfied that approval of the question and answer here would mark a departure from the rule from which this Court, in *Fleish,* said it was not disposed to depart.   Neither are we now so disposed. The answer by Carter, which the prosecution clearly anticipated or hoped for, was calculated to prejudice the minds of the jurors against the defendant.   Thus, he was deprived of a fair trial and, to that extent, due process.   See *People* v. *Burke,* 157 Mich 108; *People* v. *Bullock,* 173 Mich 397.

Reversed and remanded for new trial.

CARR, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.