### PEOPLE *v.* CAMEL.
OPINION OF THE COURT.

1. CRIMINAL LAW—EVIDENCE OF FORMER CONVICTIONS—ADMISSIBILITY.

   Evidence of former convictions or offenses is not admissible except in cases in which such evidence is material or relevant to the case being tried.

2. SAME—EVIDENCE—FORMER CONVICTION—PRESENCE IN PRISON.

   Testimony by a witness that he met the defendant in prison is inadmissible as evidence of a prior conviction.

3. SAME—EVIDENCE OF FORMER CONVICTION—MISTRIAL.

   Defendant's motion for mistrial in prosecution for larceny in a building should have been granted where a prosecution witness testified that the defendant told him that he had just gotten out of prison, and this answer was or should have been expected by the prosecution because it had been given at a separate hearing to determine voluntariness of a statement made by defendant (CL 1948, § 750.360).

4. SAME—EVIDENCE—PARTICULAR PURPOSE—INSTRUCTION.

   It is incumbent on the trial court to instruct the jury, whether or not so requested, where evidence is admissible for a particular purpose that they may consider it only for that purpose.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 5, 6] 29 Am Jur 2d, Evidence § 320 *et seq.*
[2] 29 Am Jur 2d, Evidence § 333.
[4] 29 Am Jur 2d, Evidence § 263.

5. CRIMINAL LAW—EVIDENCE—FORMER CONVICTIONS.

*The jury's knowledge of defendant's prior convictions does not result in a mistrial where this information was brought out unintentionally and inadvertently by prosecutor's questioning of witness.*

6. SAME—EVIDENCE—FORMER CONVICTIONS.

*The jury's knowledge of defendant's prior conviction brought out by questions by prosecutor should not result in a mistrial absent a showing of prejudice or that the trial judge denied a motion to strike or that he refused to give requested corrective instructions.*

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 December 7, 1967, at Lansing. (Docket No. 3,621.) Decided April 25, 1968.

Amos Camel, Jr., was convicted of larceny in a building. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald L. Reisig,* Prosecuting Attorney and *James L. Theophelis,* Assistant Prosecuting Attorney, for the people.

*Louis A. Smith,* for defendant on appeal.

T. G. KAVANAGH, J. Defendant was convicted by a jury of larceny in a building[1] and was sentenced to 2 to 4 years in prison. He appeals claiming that the court below erred in denying his motion for mistrial during the course of the trial. Defendant's motion was prompted by the following interrogation by the assistant prosecutor of a police officer called by him:

---

[1] CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592).

"*Q*. All right. Then do you recall the conversation that you had after you advised him of his rights?

"*A*. Yes, sir. I asked him his name and address and such, and then he stated that he had got out of Jackson prison."

Defendant immediately asked that the jury be excused and in their absence moved for a mistrial on the ground that the reference to his previous prison term constituted prejudicial error. We hold that the court erred in denying the motion for mistrial.

A similar situation was before the Supreme Court in *People* v. *Greenway* (1962), 365 Mich 547. There the people called a witness as a hostile witness for the prosecution and asked him where he had met the defendant. When he answered, "In the Arkansas prison", defense counsel moved for a mistrial which was denied. The Supreme Court reversed on the ground that evidence of former convictions or offenses is not admissible except in cases wherein such evidence is material or relevant to the case being tried. The Court said (p 551):

"The answer by Carter, which the prosecution clearly anticipated or hoped for, was calculated to prejudice the minds of the jurors against the defendant."

The Court in *Greenway* based its conclusion of the prosecutor's forewarning on the fact that the witness had made a statement to the police and that the record disclosed that the prosecutor was familiar with that statement. The facts in the case at bar are even stronger. Not only did the defendant make a statement to the police, which included a statement of the fact that defendant had served time in Jackson prison, but in addition, the voluntariness of that statement was put in issue and a *Walker* hearing[2] was held to resolve the question. At the hear-

---

[2] *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331.

ing in response to a question by the assistant prosecutor as to the substance of the statement, the police officer testified:

"He [defendant] stated that he had got. out of Jackson prison on the 20th—that would be April 22, 1966."

At the trial in chief the assistant prosecutor asked virtually the same question and received the same response. In our view it could only prejudice the defendant.

The people's position is not supported by *People* v. *Fleish* (1948), 321 Mich 443. In that case the Supreme Court reaffirmed its commitment to the general rule that evidence of former convictions or offenses is inadmissible. However, in *Fleish* the Court held that testimony by a witness that he had met the defendant in prison was admissible for a specific purpose which was germane to the people's case (a prosecution for common-law conspiracy to murder), *i.e.*, to show the relationship that a jury might infer existed between the alleged conspirators. No such specific purpose exists in the case at bar. Moreover, this Court has held that where such evidence is admissible for a particular purpose, it is incumbent upon the trial court to instruct the jury, whether or not so requested, that they may consider the testimony only for that particular purpose. *People* v. *Askar* (1967), 8 Mich App 95.

In view of the prior testimony at the *Walker* hearing, the objectionable response by this witness could have been anticipated. Since the trial judge is charged with the ultimate duty to control the proceedings before him,[3] and since he as well as the prosecutor failed to protect the defendant, when

---

3 CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052).

the damage was done by this testimony the court should have granted the motion for mistrial.

Reversed.

LEVIN, J., concurred with T. G. KAVANAGH, J.

QUINN, P. J. (*dissenting*). Because of facts and procedures hereinafter noted, contained in the record but not mentioned in the majority opinion, I dissent.

Defendant was arrested on the premises where the larceny occurred April 23, 1966. Questioned that same day, defendant made certain oral statements to the police, including a statement that defendant "got out of Jackson prison April 22, 1966". The oral statements were reduced to writing by the officer to whom they were made in his police report dated April 23, 1966. June 24, 1966, the prosecution served notice that it intended to use such statements at trial.[1] July 8, 1966, defendant filed demand for copies of the statements and motion to determine the use or suppression of them,[2] together with a motion to dismiss. The latter was denied by order of July 15, 1966, but the record fails to disclose an order with respect to defendant's demand for copies of the statements and motion to determine their use or suppression. From the facts that defendant was furnished with a copy of the statements on day of trial and that they were received in evidence at trial as exhibit 1, I infer that the trial court ruled on the demand and motion to determine use or suppression from the bench.

Prior to taking any proofs and in the absence of the jury, a Walker type[3] hearing was had on the

---

[1] Then required by GCR 1963, 785.5 (see 376 Mich xlv, xlvi).
[2] GCR 1963, 785.5 (see 376 Mich xlv, xlvi).
[3] *People v. Walker* (On Rehearing, 1965), 374 Mich 331.

voluntariness of the statements. During this proceeding, the officer who interrogated defendant, on being asked to relate the contents of the oral statement, testified as follows: "He. (defendant) stated that he had got out of Jackson prison on the 20th —that would be April 22, 1966". In the same proceeding and on cross-examination by defendant, the officer repeated this statement.

At trial before the jury, the same officer was asked:

"*Q.* All right. Then do you recall the conversation that you had after you advised him of his rights?

"*A.* Yes, sir. I asked him his name and address and such, and then he stated that he had got out of Jackson prison—."

Defendant immediately requested that the jury be excused, and when this was accomplished, moved for a mistrial because of the reference to defendant's release from prison. During argument on this motion, defendant conceded that the above statement was not interjected intentionally. The motion was denied. No motion to strike and no request for a corrective instruction were made, nor was the matter mentioned again in the presence of the jury. Defendant did not testify at trial.

The propriety of the rule that it is prejudicial error to bring out a defendant's past prison record except in those instances where his character or credibility are in issue, or under the provisions of CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050) is not in issue here. The issue is whether the rule applies and a mistrial must be granted even though the prejudicial information is elicited unintentionally and inadvertently, as here, where it came out in an unresponsive and volunteered manner which defendant conceded was unintentional. No author-

ity has been cited, and independent research has disclosed none, requiring an affirmative answer on this issue. *People* v. *Greenway* (1962), 365 Mich 547, is not such authority because the Supreme Court found that the prejudicial answer was "clearly anticipated or hoped for" by the prosecution.

I believe the record before us is stronger than the record on the same point in *People* v. *Fleish* (1948), 321 Mich 443, 462, 463, where the Supreme Court said:

"We think the record does not justify the conclusion that this improper testimony was deliberately injected into the case by the prosecutor.  *  *  *. Inadvertent irregularities of this character are bound to occur in the course of prolonged, hotly-contested trials, and when, as in the instant case, the objectionable testimony is purged from the record by the trial court, the irregularity should not be held to constitute reversible error in the absence of a persuasive showing of prejudice."

Absent a showing that the trial court refused to correct the situation by denying a motion to strike or refusing to give requested corrective instructions, I am not persuaded that this record presents grounds for reversal. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096); GCR 1963, 529.

I would affirm.