PEOPLE *v.* BRASWELL.

1. CRIMINAL LAW—CARRYING CONCEALED PISTOL—EVIDENCE—CERTIFICATION OF SEARCH OF POLICE RECORDS—ADMISSIBILITY.

Certified statement from commissioner of state police that no record existed showing defendant licensed to carry a concealed pistol is admissible in prosecution for carrying a concealed pistol without a license (CL 1948, §§ 28.201, 750.227).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Weapons and Firearms § 9.
[2] 21 Am Jur 2d, Criminal Law §§ 333, 341.
[3] 5 Am Jur 2d, Appeal and Error § 623.

2. SAME—EVIDENCE—RIGHT OF CONFRONTATION—POLICE RECORDS— CERTIFICATION OF SEARCH—EXCEPTION TO HEARSAY RULE.

   Statutory exception to hearsay rule for certified statement by state police commissioner as to non-existence of record of license to carry concealed pistol was valid in light of necessity created by the impracticability of requiring commissioner's testimony and trustworthiness insured by statutory duty to keep such records and *held,* not to deprive defendant of constitutional right of confrontation of witnesses (CL 1948, §§ 28.201, 750.227).

3. SAME—INSTRUCTIONS TO JURY—FAILURE TO OBJECT AT TRIAL.

   Instructions to jury in prosecution for carrying concealed pistol *held,* not error where instructions adequately informed the jury of those elements of the crime with which the defendant was charged and where defense counsel failed to make any request for additional instructions (CL 1948, § 750.227).

Appeal from Genesee; Freeman (Donald R.), J. Submitted Division 2 April 2, 1968, at Lansing. (Docket No. 3,857.) Decided August 26, 1968.

Augusta Braswell was convicted of carrying a concealed pistol without a license. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*Ronald H. Ring,* for defendant on appeal.

T. G. KAVANAGH, J. Defendant was convicted of carrying a concealed pistol without a license. CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424). At the trial the court admitted into evidence, over defendant's objection, a certified statement from the state police commissioner that no record existed showing defendant licensed to carry a concealed weapon. The statement was admitted under the

authority of CL 1948, § 28.201 (Stat Ann 1961 Rev § 4.470), which provides:

"Copies, including photostatic copies, of all records and papers in the files of the Michigan state police, certified as true copies by the commissioner of the Michigan state police, shall be evidence in all cases equally and with like effect as the originals. A statement similarly certified as true by the commissioner of the Michigan state police that no records and papers are in the files of the Michigan state police with respect to a particular matter shall be evidence in all cases equally and with like effect as testimony to that effect by any member or employe of the Michigan state police."

It is the duty of the state police commissioner to maintain a public record of all licenses issued to carry a concealed weapon. CL 1948, § 28.426 (Stat Ann 1968 Cum Supp § 28.93).

Defendant argues that this certified statement is hearsay and, therefore, its admission as evidence denied her the right to be confronted by the witnesses against her and the opportunity to cross-examine as to the making and keeping of the records.

Where necessary to substantiate a fact with records, purely documentary in nature, certified copies authenticated by the official responsible for the maintenance of such records may be admitted as evidence. *People* v. *Jones* (1871), 24 Mich 214. See 5 Wigmore on Evidence (3d ed), § 1630 *et seq.*

Courts have been reluctant, however, to permit this valid exception to the hearsay rule to operate for official statements that *no* record exists. The position was taken that:

" 'When a party desires to prove the negative fact that there is no record, he must do so in the usual way, by the deposition of the proper officer, or by producing him in court, so that he may be sworn

and cross-examined as to the thoroughness of the search made. If the summoning of such officer to testify in relation to the public records at the call of a suitor shall be found impracticable, by reason of interfering with his public duties, the remedy must be found in further legislation.'" *Burton* v. *Perry* (Tex Civ App, 1932), 53 SW2d 795, 797.

The Michigan statute cited, *supra*, allows for such negative statements by officials, as does the Federal rule of civil procedure § 44(b), which is incorporated by reference in the Federal rules of criminal procedure § 27, and which states:

"A written statement signed by an officer having the custody of an official record or by his deputy that after diligent search no record or entry of a specified tenor is found to exist in the records of his office, accompanied by a certificate as above provided, is admissible as evidence that the records of his office contain no such record on entry."

In *Matthews* v. *United States* (CA 5, 1954), 217 F2d 409, the court in discussing this Federal rule stated that:

"While the Sixth Amendment does not prevent creation of new exceptions to the hearsay rule based upon real necessity and adequate guarantees of trustworthiness, it does embody those requirements as essential to all exceptions to the rule, present or future." p 418.

In *Kay* v. *United States* (CA 4, 1958), 255 F2d 476, the court said:

"The power of Congress and of a state legislature to provide for the admission of evidence is not subject to any such arbitrary limitation as the defendant supposes. They may carve out a new exception to the hearsay rule, without violating constitutional rights, where there is reasonable necessity

for it and where it is supported by an adequate basis for assurance that the evidence has those qualities of reliability and trustworthiness attributed to other evidence admissible under long established exceptions to the hearsay rule." (pp 480–81.)

The admissibility of a negative certification, that no license to carry a concealed weapon existed, was upheld in *Smith* v. *United States* (CA DC, 1965), 122 DC App 300 (353 F2d 838).

The Michigan statute allows as evidence a certification by the commissioner concerning the records maintained by the state police. The police commissioner is obligated by statute to maintain a copy of all licenses issued to carry a concealed weapon.

"Since the assumption of the fulfillment of duty is the foundation of the exception, it would seem to follow that if a duty exists to record certain matters when they occur, and if no record of such matters is found, then the *absence of any entry* about them is evidence that they did not occur; or, to put it another way, the record, taken as a whole, is evidence that the matters recorded, and those only, occurred." 5 Wigmore on Evidence, (3d ed), § 1633, p 519.

We hold therefore that where it is the statutory duty of a public official to keep certain records, as was the case here, a certified statement by him concerning those records is both trustworthy and reliable. In view of the impracticability of requiring the commissioner's testimony concerning the search, we hold that the admission of his certified statement in such cases is a necessity. This statute establishes a valid exception to the hearsay rule without violating defendant's constitutional rights to confront and cross-examine all witnesses against her.

Defendant next argues that the instructions to the jury failed to inform that, in order to be convicted,

the jury must find she had no license to carry a concealed weapon. The instructions stated in part:

"That Augusta Braswell did unlawfully then and there carry a Star Beretta, 7.65 caliber automatic pistol * * * in a handbag or purse she carried, without a license to carry said pistol as required by law. * * *

"It is essential that each element of the offense charged must be proved by that measure of proof, beyond a reasonable doubt."

Defense counsel, in response to the court's invitation for additions to the charge, responded, "we have nothing, your honor."

The instructions adequately informed the jury of those elements of the crime with which defendant was charged and, in the absence of any request for additional instructions we find no error to have occurred in this regard.

Affirmed.

LESINSKI, C. J., and FOLEY, J., concurred.