PEOPLE v. PACE

1. CRIMINAL LAW—DUE PROCESS—RIGHT OF DEFENDANT TO BE IN-
FORMED OF CHARGE—SUFFICIENCY OF INFORMATION.
    Criminal information charging defendant with "safe burglary,"
    although the statute designates the crime as "safe robbery,"
    *held*, sufficient to inform defendant of the nature of the charge
    against him (CL 1948, § 750.531).

2. SAME—WARRANT—AUTHORIZATION OF WARRANT—ASSISTANT PROS-
ECUTING ATTORNEY.
    Trial court has jurisdiction over defendant where the authoriza-
    tion for the issuance of an arrest warrant was signed by an
    assistant prosecuting attorney without any showing that the
    prosecuting attorney was absent or disabled (CL 1948, § 49.42).

Appeal from Genesee, Parker (Donn D.), J. Sub-
mitted Division 2 November 4, 1968, at Lansing.
(Docket No. 3,958.)   Decided November 25, 1968.

David E. Pace was convicted of safe robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Robert F. Leonard*,
Prosecuting Attorney, and *Donald A. Kuebler*, As-
sistant Prosecuting Attorney, for the people.

*Ronald J. Brewer*, for defendant on appeal.

PER CURIAM.  A jury returned a guilty verdict for
the crime of "safe burglary", CL 1948, § 750.531
(Stat Ann 1954 Rev § 28.799), as described in the
information read to the jury.  Defendant claims
that the use of the above phrase, rather than the
statutory designation of "safe robbery", caused the

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law § 325.
[2]  21 Am Jur 2d, Criminal Law § 441.

complaint, warrant and information inadequately to inform him of the charge against him. In *People* v. *Greenway* (1962), 365 Mich 547, although the court reversed defendant's conviction on other grounds, it found "no merit to defendant's contention that he was tried for a crime not known to Michigan law * * * ". The information in that case contained the designation of "safe breaking". Consequently, we will not indulge defendant's semantical hairsplitting.

Defendant's contention that his in-custody admissions, made without prior advice of his rights to counsel and silence, were inadmissible, is conclusively controlled by *People* v. *Green* (1967), 7 Mich App 346, 350, and the cases cited therein, which outline the applicable standards in trials which, as here, commenced in the interim between *Escobedo* and *Miranda.** Defendant did not request counsel during custody nor raise timely objection at trial. Thus, the evidential entrance of his admissions was not reversible error.

Defendant also contends that the trial court did not have jurisdiction over defendant as the written authorization for the warrant was signed by an assistant prosecuting attorney without any showing that the prosecuting attorney was absent or disabled. Since, under CL 1948, § 49.42 (Stat Ann 1961 Rev § 5.802), an assistant prosecuting attorney is empowered to authorize an arrest warrant's issuance, defendant's third allegation of lack of trial court jurisdiction is an egregious error.

Affirmed.

McGREGOR, P. J., and QUINN and LETTS, JJ., concurred.

---

* *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977) ; *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974)—REPORTER.