PEOPLE *v.* MILKOVICH

1. JURY—VOIR DIRE—VENIREMEN'S PREJUDICES—REQUESTED QUESTIONS.

A defendant, charged with driving with a revoked license, was effectively precluded from eliciting the veniremen's possible prejudices in favor of police testimony where the court, instead of asking the question requested by defense counsel, whether they would give more weight to a police officer's testimony simply because he was a police officer, instructed the veniremen that they were not to give a policeman's testimony greater weight than a civilian's and then asked the veniremen if they were going to obey his instruction, because jurors who might have been wrestling with their consciences, had the question been properly asked, were not likely to admit noncompliance with the strong judicial mandate.

2. JURY—VOIR DIRE—EXAMINATION—PARTIES' RIGHTS.

Trial courts have wide latitude concerning the scope of juror examination and need not ask the exact question posed by a party; however parties are entitled to reveal substantial prejudices which veniremen may possess and to develop a rational basis for the exclusion of prospective jurors.

3. CRIMINAL LAW—PROSECUTOR'S OBJECTIONABLE QUESTIONS—DISPLAYING INADMISSIBLE EVIDENCE.

Prosecutor's holding up a four-page proposed exhibit and then eliciting testimony from a police officer that the exhibit was the driving record of the defendant, charged with a traffic offense, even though the jury was instructed to disregard it, constituted reversible error and deprived the defendant of a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur 2d, Jury §§ 195, 196, 198, 200–202, 212.
[3] 53 Am Jur, Trial § 98.
Prejudicial effect of prosecuting attorney's misconduct in physically exhibiting to jury objects or items not introduced as evidence. 46 ALR2d 1423.

fair trial, because the evidence was clearly inadmissible and because the damage had already been done to the defendant's cause in the minds of the jury.

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division, Andrew C. Wood, J. Submitted Division 1 February 2, 1971, at Detroit. (Docket No. 8804.)   Decided March 24, 1971.

John Milkovich, Jr., was convicted of driving a motor vehicle while his license was revoked.   Defendant appeals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Gage, Burgess & Knox (Jane Burgess,* of counsel), for defendant.

Before: LESINSKI, C. J. and R. B. BURNS and LEVIN, JJ.

R. B. BURNS, J.   The defendant was found guilty by a jury of driving while his operator's license was revoked.[1]   He raises two questions on appeal.

## I.

Was it error for the court to refuse to ask a question pertaining to the state of mind of the veniremen during *voir dire* examination, when specifically requested to do so by defense counsel?

---

[1] MCLA 1971 Cum Supp § 257.904 (Stat Ann 1968 Rev § 9.2604).

The court asked whether any additional questions (to the veniremen) were desired, and defense counsel made the following request:

"Ask the jurors whether or not they would give greater weight to the testimony of an officer simply because he is an officer."

Instead of submitting the request in the form of a *question* to the veniremen, the trial judge *instructed* the veniremen that they were not to give more weight to the testimony of a police officer merely because he was a police officer.

Defense counsel, in an attempt to ascertain the thoughts of the individual veniremen on the subject, again urged the court to ask the proposed question. The court then stated to the veniremen:

"After I explained it to you I take it you are not to give greater weight to the testimony of an officer simply because they are officers than you would a civilian. Everybody understands that, I take it. You all will follow the law as given to you by the court and you can consider that a *preliminary instruction* so everybody is willing to follow that. If anybody isn't, why say so right now."

The judge first *informed* the veniremen that they could not weight a policeman's testimony over that of a non-policeman's testimony, and then *asked* if anyone was going to ignore his demand. Veniremen who might have been wrestling with their consciences, had the question been properly asked, were not likely to admit noncompliance with the strong judicial mandate.

Defense counsel was effectively precluded from eliciting possible prejudices in favor of police testimony, and such testimony was instrumental in the defendant's conviction.[2]

---

[2] The "police" officers were two officers of the Public Service Com-

While a trial judge has wide latitude concerning the scope of juror examination and need not ask the exact question posed by a party,[3] parties are entitled to reveal substantial prejudices which veniremen may possess[4] and have the right to develop a rational basis for the exclusion of prospective jurors.[5]

The manner in which the trial judge phrased defense counsel's question encroached upon these rights and entitles defendant to a new trial.

Since this case is to be retried, we deem it important to discuss the defendant's second issue.

## II.

Was it error for the court to deny defendant's motion for mistrial following the prosecutor's mention of defendant's four-page driving record?

While questioning a Michigan public service officer the prosecutor held up a four-page proposed exhibit and then elicited testimony from the officer indicating that the exhibit was defendant's driving record. Although the court instructed the jury to disregard the testimony, by "that time * * * the damage had already been done to defendant's cause in the minds of the jurors". *People* v. *Greenway* (1962), 365 Mich 547, 550.

Counsel should not make statements in the presence of the jury in relation to facts which are incompetent to be proved.[6]

---

mission whose principal duties were to enforce the vehicle code. The most incriminating evidence came from their testimony.

[3] GCR 1963, 511.3; *People* v. *Cole* (1967), 8 Mich App 250; *Kuisel* v. *Farrar* (1967), 6 Mich App 560.

[4] *Monaghan* v. *Agricultural Fire Ins. Co.* (1884), 53 Mich 238; *Towl* v. *Bradley* (1896), 108 Mich 409.

[5] *People* v. *Cole* (1967), 8 Mich App 250; see also *Fedorinchik* v. *Stewart* (1939), 289 Mich 436.

[6] "Evidence that tends to show that the accused person has committed other acts or crimes or has a disposition toward conduct sim-

This Court continues to have appeals where prosecutors have deliberately attempted to introduce inadmissible evidence and asked objectionable questions for the calculated purpose of prejudicing the defendant's right to a fair trial. The practice must stop.

The trial court erred in not granting defendant's motion for a mistrial.

Reversed and remanded for a new trial.

All concurred.

---

ilar to the offense charged is ordinarily inadmissible to prove the commission of the charged offense." *People* v. *Matthews* (1969), 17 Mich App 48, 51, 52; 1 Gillespie, Mich Criminal Law & Procedure (2d ed), § 446, p 549; 1 Wharton's Criminal Evidence (12th ed), § 232, pp 492–498. This rule applies with equal force to proof of former traffic offenses. 15 Blashfield Automobile Law and Practice (3d ed), § 491.9, pp 473–475.