CACHOLA *v.* THE KROGER COMPANY

1. TRIAL—COUNSEL'S PREJUDICIAL STATEMENTS—INADMISSIBLE EVIDENCE—MISTRIAL.

   A mistrial will be declared where counsel deliberately attempts to offer inadmissible evidence or ask objectionable questions designed to prejudice the opposing party's right to a fair trial, even if the trial court holds such error harmless and issues corrective instructions.

2. TRIAL—COUNSEL'S OBJECTIONABLE QUESTION—MISTRIAL.

   Asking plaintiff's medical witness if he was currently under indictment for failing to report taxable income necessitated a mistrial even though the trial judge issued a curative instruction to the jury, because the damage had already been done to plaintiff's right to a fair trial.

Appeal from Wayne, John M. Wise, J. Submitted Division 1 February 5, 1971, at Detroit. (Docket No. 8695.) Decided April 22, 1971. Leave to appeal denied, 385 Mich 775.

Complaint by Robert Cachola, Jr., and Madeline Cachola against The Kroger Company for damages suffered in a slip and fall. Judgment for defendant. Plaintiffs appeal. Reversed.

*Zeff & Zeff* (*Edward Grebs, of counsel*), for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (*John D. Haynes* and *Stanley A. Prokof,* of counsel), for defendant.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial § 967.

Before: J. H. Gillis, P. J., and R. B. Burns and Levin, JJ.

R. B. Burns, J. Mrs. Cachola slipped and fell on a broken fruit jar and its contents while shopping at the defendant's supermarket. Defendant denied plaintiffs' charge of negligently operating the supermarket and, in addition, stated that Mrs. Cachola was not injured by the fall. Defendant also pleaded that Mrs. Cachola was guilty of contributory negligence.

Plaintiffs appeal from the jury's verdict of no cause of action. Plaintiffs claim three errors, only one of which will be discussed in this opinion.

Plaintiffs claim the trial judge erred when he denied plaintiffs' motion for a mistrial. The motion was made after defendant's counsel made the following statement:

"Dr. Prisbie, you're currently under indictment in the United States Federal court for failing to report taxable income?"

Plaintiffs immediately moved for a mistrial. The trial judge sustained the objection but did not grant the motion for a mistrial.

"*The Court:* May I say, ladies and gentlemen of the jury, the issuance of an indictment is an allegation. One is presumed to be innocent until proven guilty beyond a reasonable doubt; so the issuance of an indictment in and of itself has no bearing in this cause unless there's some disposition.

\* \* \*

"You made a statement and, therefore, I'll instruct the jury to disregard it and you asked him if there was and I'm not going any further. Therefore, I'm telling the jury to disregard the question and I'll sustain the objection of Mr. Zeff."

As stated in *People* v. *Milkovich* (1971), 31 Mich App 582, 585:

"Although the court instructed the jury to disregard the testimony, by 'that time   *   *   *   the damage had already been done to defendant's cause in the minds of the jurors.' *People* v. *Greenway* (1962), 365 Mich 547, 550."

The defense deliberately, with a calculated risk that the error would be declared harmless, injected a prejudicial statement into the proceedings.

This Court continues to have appeals wherein attorneys have deliberately attempted to introduce inadmissible evidence and ask objectionable questions for the calculated purpose of prejudicing the other party's right to a fair trial. The practice should stop. Attorneys who attempt such tactics should realize they risk a reversal.

Reversed and remanded for a new trial.

Costs to plaintiffs.

LEVIN, J., concurred.

J. H. GILLIS, P. J. (*concurring*). I concur in the results and agree with my colleagues' determination that such a prejudicial statement cannot be overcome by an instruction to the jury.

The other allegations of error advanced by appellants are not, in my opinion, reversible error.