PEOPLE *v* WHITE

OPINION OF THE COURT

1. POISONS—NARCOTICS—SALE OF MARIJUANA—REFERENCE TO HEROIN.

Defendant's motion for a mistrial in her trial for sale of marijuana should have been granted where the prosecutor deliberately elicited testimony from an undercover agent and from a police informer that they had asked the defendant to furnish them a quantity of heroin but that defendant had replied she could not, because the clear innuendo was that the defendant was a seller of heroin and because the public attitude to sellers of heroin differs greatly from the public attitude to sellers of marijuana.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics and Poisons § 40 *et seq.*
[2, 6] 29 Am Jur 2d, Evidence §§ 783–787, 1105.
[3, 7] 21 Am Jur 2d, Criminal Law § 331.
  29 Am Jur 2d, Evidence §§ 844, 845.
[4, 5] 21 Am Jur 2d, Criminal Law § 220 *et seq.*
[8] 21 Am Jur 2d, Criminal Law § 341.
[9] 29 Am Jur 2d, Evidence § 708 *et seq.*
[10] 25 Am Jur 2d, Drugs, Narcotics and Poisons § 40 *et seq.*

2. Criminal Law—Evidence—Probative Value—Photographs.
Photographs showing defendant at a party between 8 and 9 p.m. and showing defendant's alibi witnesses at the party allegedly between 7:30 p.m. and 10:30 p.m. had probative value and should have been admitted even though the crime charged, committed at a place other than the party, was not committed until 10:30 p.m. where defendant contended that she was at the party until 11 p.m.

3. Criminal Law—Witnesses—Impeachment—Prior Inconsistent Statement—Right to Inspect.
A defendant had a right to see a document held by the prosecutor while asking an alibi witness if she had made a prior inconsistent statement to the police even though nothing from the document was read into the record and even though the paper the prosecutor was holding might have been blank, because a prosecutor has no right to bluff a jury.

4. Criminal Law—Delay in Arrest—Due Process—Prejudice.
Evidence of prejudice, not the mere fact of delay, is the relevant factor in determining whether a defendant's right to due process has been violated by a delay between the date of the offense and the issuance of a complaint and warrant.

Dissent by R. B. Burns, P. J.

5. Criminal Law—Delay in Arrest—Prejudice.
*Defendant's bare assertion that a five-month delay between the offense charged and the complaint had rendered testimony inaccessible is not a sufficient showing to show a violation of due process.*

6. Criminal Law—Evidence—Probative Value—Photographs.
*Refusal to admit photographs showing defendant at a party was not error even though defendant contended she was at the party when the crime charged was committed where the prosecutor did not contest the defendant's presence at the party and the photographs did not shed any light upon the issue of time.*

7. Criminal Law—Witnesses—Impeachment—Prior Inconsistent Statements.
*A defendant did not have a right to see a piece of paper held by the prosecutor while cross-examining an alibi witness about a prior inconsistent statement where no statement was read into the record and where the record does not reveal that any such statement ever existed.*

8. CRIMINAL LAW — EVIDENCE — DOCUMENTS — LACK OF LICENSE — RIGHT OF CONFRONTATION.

> *Introduction into evidence of a certificate from the Department of Licensing and Regulation to ·prove that defendant lacked a license to sell narcotics did not deny defendant her constitutional rights to confront and cross-examine witnesses.*

9. CRIMINAL LAW—EVIDENCE—RES GESTAE STATEMENTS.

> *Statements made by a defendant charged with the sale of marijuana to a police informer and a police undercover agent in defendant's house during the illegal sale were admissible as part of the* res gestae *where there was no coercion.*

10. POISIONS—NARCOTICS—SALE OF MARIJUANA—REFERENCE TO HEROIN.

> *Witnesses' testifying, in defendant's trial for sale of marijuana, that the defendant said she did not have smack to sell them and prosecutor's explaining that smack meant heroin did not result in reversible error where the prosecutor did not solicit or dwell on the point and where the defendant failed to request a curative instruction.*

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 November 2, 1971, at Grand Rapids. (Docket No. 10524.) Decided February 25, 1972.

Norma White was convicted of selling or dispensing marijuana. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Robert L. Pangle,* Chief Appellate Attorney, for the people.

*James T. Brignall,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and T. M. BURNS, JJ.

Levin, J. The defendant, Norma White, appeals her conviction by a jury of selling or dispensing marijuana. MCLA 335.152; MSA 18.1122. Under that statute the court was required to impose a sentence of not less than 20 years nor more than life. She was sentenced to serve a term of 20 years to 20 years and 1 day.

The people's evidence tended to show that at 10:30 p.m. on September 5, 1969 the defendant admitted to her home James Ball, a police informer, and Joseph Young, an undercover narcotics agent for the Michigan State Police, and that she sold them a quantity of marijuana for $10, and that they left before 11 p.m.

The defense was alibi. Five persons testified that on September 5 the defendant was at a party from 6 o'clock in the evening until at least 11 o'clock.

## I

During the direct examination of informer Ball and narcotics agent Young they testified that they asked the defendant whether she could furnish a quantity of "smack" and that she replied she could not. In response to the prosecutor's follow-up question, "What does smack refer to?", Ball said that smack is a street term for heroin.

The defendant's attorney moved for a mistrial on the ground that his client was charged with the sale of marijuana, not the sale of heroin, and that the reference to the possibility that the defendant might be a heroin seller was prejudicial. The motion was denied. In our opinion the motion should have been granted.

This is not a case of a witness blurting out an unanticipated remark. Ball and Young were the people's principal witnesses. They were testifying

about what occurred at the defendant's home when the marijuana was purchased. Both witnesses gave precisely the same testimony about the attempted purchase of· smack; the witnesses' references to smack were not inadvertent. The prosecutor's request that Ball define the term "smack" was obviously deliberate.

In the judgment of a considerable portion of the citizenry there is an enormous difference between selling marijuana and selling heroin. This judgment is reflected in the recent amendment of the statutes which reduces the maximum prison term for the "delivery" of marijuana to 4 years, while the maximum penalty for the delivery of heroin is set at 20 years. (The maximum prison term for possession of marijuana has been reduced to one year, while the maximum for possession of heroin is four years.[1]) These substantial differences in the maximum penalties adumbrate the extent of the difference in the public's attitude regarding marijuana and heroin.

We are persuaded that the clear innuendo of the prosecutor's questions and the witnesses' responses was that the defendant, whether she could then supply heroin or not, was a seller of heroin, not just a seller of marijuana. In the light of the commonly-held attitude regarding sellers of heroin, this was highly prejudical. The jurors, who represented a cross section of the community from which they were drawn, could well have been influenced unfavorably to the defendant by the unsavory innuendo deliberately and extraneously injected by the prosecutor. A mistrial should have been granted.[2]

---

[1] 1971 PA 196, § 41; MCLA 335.341; MSA 18.1070(41).

[2] See *People* v *Greenway*, 365 Mich 547, 551 (1962); *People* v *Camel*, 11 Mich App 219, 221 (1968); *People* v *Ignofo*, 315 Mich 626, 636 (1946); *People* v *Montevecchio*, 32 Mich App 163 (1971); *People* v *Milkovich*, 31 Mich App 582, 585 (1971); *Cachola* v *The Kroger Co*, 32 Mich App 557, 558 (1971).

II

Before the new trial the defendant may renew her motion for dismissal in the light of *United States* v *Marion,* 404 US 307; 92 S Ct 455; 30 L Ed 2d 468 (1971), and the record made at the trial[3] and any other evidence that can be produced, on the ground that she suffered "actual prejudice" as a result of the five-month delay between the date, September 5, 1969, that the charged offense occurred, and the date, February 9, 1970, that the people obtained an arrest warrant.

There is no need to discuss the defendant's contention that the people failed to establish that she did not have a license to sell narcotics. Recently, in *People* v *Rios,* 386 Mich 172, 180–181 (1971), the Michigan Supreme Court outlined procedures that can be followed in making such proof.

The photograph of the defendant taken, according to the photographer, at the party between 8 and 9 o'clock on the evening in question, and the photographs of other persons said to have been taken at the party between 7:30 and 10:30 o'clock tend to corroborate the testimony of the defendant and her alibi witnesses that there was a party which the witnesses and the defendant attended. Although the time sequences during which the photographs were taken do not obviate the possibility that the defendant was both at the party and made the illegal sale between 10:30 and 11 o'clock, the photographs were of some probative value.

During his cross-examination of one of the alibi witnesses, the prosecutor asked the witness whether she had made certain statements to the police. At the time, the prosecutor was holding a document in

[3] "Events of the trial may demonstrate actual prejudice". *United States* v *Marion,* 404 US 307, 326; 92 S Ct 455, 466; 30 L Ed 2d 468, 482 (1971).

his hand.  After he finished this line of questioning the defendant's lawyer asked to see the "statement".  The judge refused to allow him to see the document saying that "there was no statement read into the record.  Hé had a pencil and paper in his hand.  He asked this witness if she made certain oral statements to the man that visited her".  During oral argument in our Court an assistant prosecutor indicated that the trial prosecutor may have been bluffing—that there was no written statement or memorandum of a statement of the witness.

The defendant's trial lawyer needed to see the document in the trial prosecutor's hand to determine whether its contents might enable him to rehabilitate the credibility of the witness which had been weakened by the innuendo that she had given a different account to the police reflected in the document.  After the witness had finished her testimony, there could be no justification for shielding the document from scrutiny.  Even if—and on this we need intimate no opinion—a prosecutor may properly attempt to bluff a witness, he has no right to bluff the jury.[4]  The judge should have directed the prosecutor to yield the document for examination so that the jury might become apprised of its true contents.[5]

---

[4] It appears that the court reporter was under the impression that the trial prosecutor was purporting to read from the document he was holding in his hand.  The reporter placed the portions of the prosecutor's questions consisting of the statements allegedly made by the witness to the police in quotation marks, *viz:*

"*Q.* Did you tell the detective you stated at that party, 'Well, it is 11 o'clock, and Norma and I have to go to work.'?

"*A.* If he got that down there, I must have said it.

"*Q.* I am asking you if you told him that?

"*A.* I don't know.  If he has got it there, I must have said it."

[5] *Cf. People v Dellabonda,* 265 Mich 486, 499 (1933); *People v Marra,* 27 Mich App 1, 7, 14 (1970).

*Cf. People v Wimberly,* 384 Mich 62, 68 (1970), where the Michigan Supreme Court declared: "Once a witness has testified at trial we hold as a matter of law that the traditional reasons for secrecy no longer exist and, as a matter of right, the defendant is

The judge did not err in allowing the technician employed by the Kalamazoo Police Department to testify that in his opinion the substance purchased from the defendant was marijuana.

The contention that Ball and Young should not have been permitted to relate statements alleged to have been made by the defendant when she sold them the marijuana because before the statements were made an investigation had focused on her and she was, therefore, entitled to the protection of an advance independent judicial determination of probable cause before the investigating team "invaded" her privacy and to be represented by counsel during the "interrogation" that led to the claimed unlawful sale is, in the present state of the law, manifestly without merit.

There was sufficient evidence to support the jury's verdict.

Reversed and remanded for a new trial.

T. M. Burns, J., concurred.

R. B. Burns, P. J. (*dissenting*). Defendant appeals her jury conviction of unlawful sale of narcotics. MCLA § 335.152 (Stat Ann 1971 Rev § 18.-1122).

The complaint and warrant were not filed and the arrest was not made until approximately five months subsequent to the date on which the offense was alleged to have occurred.

This five-month delay between the alleged offense and issuance of the complaint and warrant is urged by defendant as a denial of due process. As was made clear in *People v Hernandez* (1968), 15 Mich App 141, 146, evidence of prejudice and not

entitled to all the testimony that witness gave before the grand jury relevant to the defendant's guilt or innocence."

the mere fact of delay is the relevant factor in determining whether constitutional rights of due process were violated.[1]  Although the prosecution has not offered any reason for the delay, we find no evidence that the pre-arrest delay impaired defendant's capacity to prepare her defense.  The burden of bringing forth such evidence rests with the defendant.[2]  *United States* v *Capaldo* (CA2, 1968), 402 F2d 821; *United States* v. *Scully* (CA2, 1969), 415 F2d 680.

Michigan's Criminal Statute of Limitations serves as protection against long nonprejudicial delays. MCLA § 767.24 (Stat Ann 1954 Rev § 28.964).[3]

Defendant's defense at trial level was alibi; she claims to have been at a party at the time the prosecution claims she sold an undercover agent and a police informer a package of marijuana.  The pre-arrest delay, it is claimed, dulled the memories of the defendant's alibi witnesses as to the time she left the party.  The time factor is a crucial issue since prosecution witnesses claim the sale was made before 11 p.m.  The alibi witnesses clearly made out defendant's alibi defense.  Although they were not positive of the exact time defendant left the party, they were all sure it was after 11 p.m.  The jury simply chose to disbelieve their testimony.

Defendant's bare assertion that the delay rendered inaccessible, testimony of an unidentified person present in defendant's home when the sale occurred does not prove any "specific prejudicial effect".  *People* v. *Albert White* (1970), 27 Mich App 432, 435.

In an attempt to corroborate the testimony pertaining to her presence at the party, defendant at-

---

[1] See, also *People* v. *Iaconis* (1971), 29 Mich App 443.
[2] See *People* v. *Albert White* (1970), 27 Mich App 432.
[3] See *United States* v. *Ewell* (1966), 383 US 116 (86 S Ct 773, 15 L Ed 2d 627).

tempted to introduce into evidence certain photographs depicting the defendant at a party. The trial judge refused their admission on the ground that they were not relevant to any material point in issue. In his decision on the admissibility of evidence, the trial judge possesses a great deal of discretion. *People* v. *Becker* (1942), 300 Mich 562. If the proffered evidence is helpful in throwing light upon a material point in issue, then it may be admitted. *People* v. *Cybulski* (1968), 11 Mich App 244. The photographs would not have been particularly useful in this case. The prosecution did not contest her presence at the party and the photographs did not shed any light upon the crucial issue of time.[4]

Defendant's objection to the trial court's failure to permit her to examine alleged statements made to a police officer is without merit since the record on appeal does not reveal the use or existence of any such written statements. The trial court properly refused defense counsel's motion by saying:

"There was no statement read into the record. He [the prosecutor] had a pencil and paper in his hand. He [the prosecutor] asked this witness if she made certain oral statements to the man that visited her."

At trial the prosecution submitted a certificate from the Michigan Department of Licensing and Regulation. This certificate proved defendant's lack of license to sell narcotics and, according to defendant, denied to her the constitutional right to confront and cross-examine witnesses. Such a certificate has been statutorily declared *"prima facie* proof of the facts stated therein"[5], and does not deprive

---

[4] Testimony established that the photographs were being taken "all evening".

[5] MCLA § 335.54a (Stat Ann 1971 Cum Supp § 18.1074[1]).

defendant of her constitutional rights. If defendant would have been licensed it would have been a simple matter for her counsel to prove this by affirmative action. In *People* v. *Braswell* (1968), 12 Mich App 685, introduction of a certificate to prove lack of license to carry a concealed weapon was upheld against the identical constitutional attack presented by defendant. For the reasons stated in *Braswell,* we find defendant's constitutional attack on the certificate's evidentiary introduction invalid.

Defendant next objects to the testimony of the informer and the undercover agent which included statements made by defendant during the illegal sale. The defendant voluntarily admitted both men into her home and then sold them a quantity of marijuana. The record clearly indicates the absence of any coercion. The trial judge properly found defendant's statements related to the sale and thus part of the *res gestae. People* v. *Henderson* (1970), 25 Mich App 28, 32.

Next defendant objects to the unsubstantiated testimony concerning smack and the prosecutor's explanation of this slang expression for heroin.

The prosecutor did not solicit nor dwell on the point; he simply clarified the expression for the jury. The defendant was not prejudiced, and in any event her failure to request a curative instruction precludes objection on appeal. *People* v. *Walsh* (1970), 27 Mich App 100.

Defendant next objects to the use of a nonexpert to prove the substance sold was marijuana. The testifying technician was extensively examined as to his qualifications as an expert witness. We find no abuse in the trial court's decision to allow the testimony and thus do not reverse it. See *People* v. *Hawthorne* (1940), 293 Mich 15.

Defendant's final objection, as to the weight of the evidence, will not be considered because of her failure to move for a new trial. See *People* v. *Mattison* (1970), 26 Mich 453.