PEOPLE v JACK

Opinion of the Court

1. Witnesses—Criminal Law—Prosecutors—Eliciting Anticipated Response—Materiality—Prejudice—Instructions to Jury—Curative Instructions.

Eliciting from a witness as a response to a question by the prosecutor an anticipated or hoped-for answer calculated to prejudice the minds of the jurors against the defendant is error, but such error was cured by the immediate action of a trial judge where he promptly and unequivocally instructed the jury to disregard the question and answer as being totally immaterial.

Dissent by R. B. Burns, P. J.

2. Witnesses—Criminal Law—Fair Trial—Due Process—Prosecutors—Eliciting Anticipated Response—Prejudice.

*A criminal defendant is deprived of a fair trial where the prosecutor elicits from a witness an answer which is inadmissible by a question the answer to which is clearly anticipated or hoped for and calculated to prejudice the minds of the jurors against the defendant.*

3. Witnesses—Criminal Law—Prosecutors—Objectionable Response to Question—Anticipating Response—Protecting Defendant's Rights.

*An objectionable response to a prosecutor's question by a witness in a criminal case constitutes reversible error where the witness's response could have been anticipated, and the court and the prosecutor failed to protect the defendant's rights.*

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 April 9, 1975

Reference for Points in Headnotes

[1–3] 58 Am Jur, Witnesses § 568 *et seq.*

at Detroit (Docket No. 19195.) Decided June 9, 1975.

Wayne S. Jack was convicted of assault with intent to commit gross indecency and of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Gerald A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Durant, Talbot, Grant & McQuarrie,* for defendant on appeal.

Before: R. B. BURNS, P. J. and M. J. KELLY and O'HARA,* JJ.

M. J. KELLY, J. We agree with much of what Judge R. B. BURNS has written. We do not condone the prosecutor's parting shot. On this record, however, the jury had already heard of shocking, monstrous misconduct attributed to the defendant. We believe that the immaterial exchange quoted by Judge BURNS was not so grievously prejudicial as to be incurable.

We vote to affirm solely because in our opinion the prosecutor's error was cured by the immediate action of the trial judge, who promptly and unequivocally instructed the jury to disregard the question and answer as being totally immaterial.

Appellant also attacks the sodomy statute as being overbroad and therefore unconstitutional. Since the defendant was not convicted on the

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sodomy charge we need not decide the issue. Furthermore he has no standing to challenge the constitutionality of the statute on the ground alleged, namely, that as written it includes the acts of married persons within its prohibitions, because he was not married to the victim. See *People v Conville,* 55 Mich App 251; 222 NW2d 312 (1974).

Affirmed.

O'Hara, J., concurred.

R. B. Burns, P. J. *(dissenting).* Defendant was convicted by a jury of one count of assault with intent to commit the crime of gross indecency, MCLA 750.85; MSA 28.280, and one count of rape, MCLA 750.520; MSA 28.788.

I would reverse.

At the close of the direct examination of the complainant the following exchange took place:

*"Q. (By Mr. Babcock):* Now, Gail, in this 30 hour ordeal, did Mr. Jack ever mention anything to you about what he did for a living?

*"A.* He said he steals for his girl friend, Miss Hodge.

*"Mr. O'Connell:* Your Honor, we ask for a mistrial.

*"The Court:* The jury is instructed to disregard the last question and answer as being totally immaterial as to what the issue is at hand and the mistrial is denied."

In *People v Greenway,* 365 Mich 547, 549; 114 NW2d 188, 190 (1962), the witness Carter was asked, " 'Where did you meet William Greenway?' " Carter answered, " 'In the Arkansas prison' ". On page 551; 190–191, the Court stated:

"The answer by Carter, which the prosecution clearly anticipated or hoped for, was calculated to prejudice the minds of the jurors against the defendant. Thus, he was deprived of a fair trial and, to that extent, due process."

See *People v White,* 38 Mich App 651; 197
NW2d 121 (1972), *Cachola v The Kroger Company,*
32 Mich App 557; 189 NW2d 112 (1971), *People v
Milkovich,* 31 Mich App 582; 188 NW2d 124 (1971),
*People v Matthews,* 17 Mich App 48; 169 NW2d
138 (1969).

Chief Justice T. G. KAVANAGH, while sitting on
this Court, stated in *People v Camel,* 11 Mich App
219, 222–223; 160 NW2d 790, 791 (1968):

"In view of the prior testimony at the *Walker* hear-
ing, the objectionable response by this witness could
have been anticipated. Since the trial judge is charged
with the ultimate duty to control the proceedings before
him, and since he as well as the prosecutor failed to
protect the defendant, when the damage was done by
this testimony the court should have granted the mo-
tion for mistrial."

I would reverse and remand for a new trial.