PEOPLE v. BASTIAN.

1. Rape—Directed Verdict—Evidence—Impeachment.
   Denial of defendant's motion for directed verdict in prosecution for statutory rape was proper, where although testimony of prosecutrix was not corroborated as to the commission of the specific act in question, it was not impeached to the extent that the jury ought not to be permitted to pass upon defendant's guilt (CL 1948, § 750.520).

2. Same—Sexual Relations of Prosecutrix with Others—Competence of Testimony.
   It was not error for trial court to deny defendant's motion to strike testimony of 15-year-old prosecutrix as to her sexual relations with some 11 others after her first experience with defendant, where he used such testimony in support of his claim that she was a sexual-psychopathic person, since it was proper because of his testimony as to her conduct toward him, and the substance of it had previously been placed before the jury without objection (CL 1948, § 750.520).

3. Same—Subsequent Conduct of Defendant Toward Prosecutrix.
   Testimony of prosecutrix that subsequent to commission of alleged statutory rape that upon 3 or 4 occasions when she rode with defendant in truck belonging to bakery for which they

References for Points in Headnotes
[1] 44 Am Jur, Rape, § 128.
[1] Directing acquittal for insufficiency of the evidence. 17 ALR 923.
[2, 4] 44 Am Jur, Rape, §§ 90-92, 97.

both worked, he displayed affectionate feelings toward her was not improper, where he had claimed her conduct was such as to be offensive to him.

4. SAME—CREDIBILITY—NYMPHOMANIAC.
    Rejection of testimony, proffered by defendant, that 15-year-old prosecutrix in trial of statutory rape was a sexual-psychopathic person and a nymphomaniac, constituted reversible error, since such testimony was competent as affecting her credibility.

5. SAME—FOREMAN'S INACCURATE DESCRIPTION OF VERDICT—ASSAULT WITH INTENT TO COMMIT RAPE.
    Jury foreman's inaccurate description of offense of which jury found defendant guilty of "intent to commit the crime of rape" did not entitle him to discharge, where the clerk considered the verdict as a finding of guilty of assault with intent to commit the crime of rape and received an affirmative answer from the jurors in response to his question if such was their finding.

Appeal from Houghton; Brennan (Leo J.), J. Submitted April 12, 1951. (Docket No. 62, Calendar No. 44,326.) Decided May 14, 1951.

Raymond Bastian was convicted of assault with intent to commit rape. Reversed and new trial granted.

*Joseph M. Donnelly,* for appellant.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Stephen D. Condon,* Prosecuting Attorney, for the people.

CARR, J. Defendant was tried in circuit court under an information charging statutory rape (CL 1948, § 750.520 [Stat Ann § 28.788]). The trial judge in submitting the case to the jury directed attention to the included offenses, and a verdict was returned that was construed by the court as "guilty of assault with intent to commit the crime of rape." Sentence was imposed for such offense and defendant, on leave granted, has appealed.

The information alleged that the offense was committed on February 26, 1948, in the city of Hancock, upon a girl 15 years of age. It was her testimony on the trial that defendant undertook to take her home from the bakery where both parties were employed, that they went for a ride, and that the offense was committed in a part of the city apparently somewhat removed from habitations. She also testified to 3 or 4 subsequent occasions when she rode with defendant in a bakery truck. It was her claim that on each occasion he indulged in conduct indicating affectionate feelings toward her. Defendant in his testimony denied his guilt but admitted riding with the girl in question, herein referred to as the prosecutrix, on 2 or 3 occasions, including the evening when the prosecution claimed the offense was committed. He testified in substance that prosecutrix made advances to him to the extent of soliciting him to have sexual relations with her, but that he refused to do so and took her to her home. His testimony indicates that he was offended by her conduct, and that she became very angry at him. He further claimed that she told him that she had previously had sexual relations with others.

At the conclusion of the people's case counsel for defendant moved for a directed verdict of not guilty on the ground that the testimony of the prosecutrix, which was not corroborated as to the commission of the specific act in question, was impeached to such extent that the jury ought not to be permitted to pass on the guilt of the defendant. The motion was denied, and it is now claimed in defendant's behalf that the ruling was erroneous. We are unable to agree with this contention. The credibility of the prosecutrix was open to question, but it was for the jury to determine the weight to be given to the impeaching proofs. The jury had the right to believe the testi-

mony of prosecutrix and to base a conviction thereon. There was no error in the denial of the motion.

In the course of the direct examination of the prosecutrix she was asked concerning acts of intercourse with others during the month of June, 1948; and if defendant was the first person with whom she had had intercourse. She answered the latter question in the affirmative, and stated further, in substance, that she had had improper relations with 11 boys during the period referred to in the prosecutor's question. Following a third question along the same line, counsel for defendant moved that the questions and answers be stricken. No reason was assigned in support of the motion. The trial court struck out the last question but permitted the questions and answers above indicated to remain. It is now insisted that this was error. The record shows, however, that the testimony of prosecutrix as to her relations with others was in part at least made the basis of an attempt by defendant to show that prosecutrix was a sexual-psychopathic person, and that her testimony should be weighed in the light of that fact. The testimony of a physician who was in the courtroom while prosecutrix was testifying, and who made his observations and conclusions from her statements and general attitude, was introduced in support of this claim. The defendant is scarcely in position now to claim that he was prejudiced by proof as to the misconduct of prosecutrix with others.

It further appears from the record that prior to the testimony that defendant asked to have stricken, the prosecutrix, in giving the details relating to the commission of the offense charged against defendant, stated, apparently by way of explanation of her conduct and her failure to complain of defendant's conduct, "Well, it was the first time I had ever been out with a man and it was a new experience to me to be out with one, and I couldn't remember much." No

objection was made to such statement nor does the
record disclose any motion to strike it out.  Defend-
ant does not predicate any claim of error based on
the quoted testimony of prosecutrix, nor is he in
position to do so.  *People* v. *Counts,* 318 Mich 45.
It may be assumed that the trial judge had in mind
in declining to strike from the record the subsequent
testimony of which complaint is now made that the
claim of the prosecutrix as to the matter in question
had previously been placed before the jury.  It may
be noted also that defendant's testimony as to the
conduct of prosecutrix, her statements to him, and
his attitude toward her, rendered proper testimony
of the character in question.  Without discussing
the matter in further detail, we conclude that the ac-
tion of the trial judge in permitting the testimony to
stand does not constitute reversible error.

In presenting his proofs the prosecuting attorney
sought to show that subsequent to the commission
of the offense charged several acts of intercourse
between prosecutrix and defendant occurred.  The
trial judge indicated that he did not consider such
testimony competent, and the prosecutor was advised
that it would not be received.  Prosecutrix was, how-
ever, permitted to testify as to 3 or 4 occasions when
defendant, while she was riding with him in their
employer's truck, displayed affectionate feelings to-
ward her.  It is the claim of defendant that such
testimony was improper and that it was prejudicial
to him.  It is argued in substance that the conduct of
the parties subsequent to the date on which the of-
fense was charged to have been committed was wholly
immaterial.  Under the circumstances disclosed by
this record the claim is not well founded.  As before
noted, defendant not only denied any act of inter-
course with prosecutrix but claimed also that her
conduct was such as to be offensive to him.  A subse-
quent affectionate attitude toward prosecutrix, if he

displayed such, was scarcely consistent with his claim. Without specifically determining the materiality of the testimony at the time it was offered and received, we think any possible objection thereto was obviated by defendant's claim as to his attitude toward prosecutrix.

Counsel for defendant sought to cross-examine prosecutrix with reference to certain alleged conduct on her part tending to show, as it is claimed, that she was a sexual-psychopathic person and indulged in acts of perversion. An objection to such line of questioning was sustained. An attempt was also made to prove such conduct by the testimony of a witness produced by defendant. The proffered testimony was ruled inadmissible. It is the claim of the defendant that the rulings of the trial court were erroneous, and that they were prejudicial to his rights. Emphasis is placed on the fact that the case against defendant rested largely on the testimony of the prosecutrix, that her credibility was questioned, and that for purposes of impeachment defendant was entitled to offer proofs, even though of a revolting nature, tending to show that prosecutrix was a nymphomaniac. While we appreciate the reluctance of the trial judge to permit testimony of the character in question to be placed before the jury, we are constrained to hold that in a case of the character in question such testimony is competent. Commenting on a somewhat analogous situation, this Court said in *People* v. *Cowles,* 246 Mich 429:

"At the trial defendant called 2 medical practitioners who had observed the girl, and in answer to hypothetical questions, they expressed opinions that she was a pathological falsifier, a nymphomaniac, and a sexual pervert. Evidence offered to prove acts of the girl showing sexual perversion and lascivious conduct, inclusive of exposure of her person to school boys, was excluded. We think the testimony should

have been received, not in extenuation of rape, but for its bearing upon the question of the weight to be accorded the testimony of the girl and the question of whether the mind of the girl was so warped by sexual contemplation and desires as to lead her to accept the imagined as real or to fabricate a claimed sexual experience. The testimony of the medical experts was admitted, without objection, and was for the jury to consider. * * *

"The term nymphomaniac is a standard one in medical parlance. If this girl was such, the weight to be given her testimony might or might not have been materially affected thereby, depending, of course, upon the view taken by the jury."

See, also, *People* v. *Smallwood,* 306 Mich 49 (147 ALR 439).

In the case at bar one of the principal questions at issue had reference to the credibility of the prosecutrix. The physician above referred to, called as a witness in defendant's behalf, testified from his observation of prosecutrix that he believed her to be a sexual-psychopathic person, and further expressed the opinion that the credibility of an individual of that type is "very poor." The excluded testimony, if of such character as to indicate that prosecutrix was actually a nymphomaniac, would doubtless have furnished a further basis for the opinion of the physician. If believed by the jury it might well have brought about a verdict of acquittal. The rulings excluding the testimony in question require reversal of the conviction.

The trial court in his charge to the jury stated specifically the forms of possible verdicts in the case. When the jury reported, however, the foreman stated in answer to the usual question of the clerk "We find the defendant guilty on intent to commit the crime of rape." It is now contended on behalf of the defendant that the verdict was not in proper form, that it

should be construed as a failure to find defendant guilty of any offense, and that it should be regarded as tantamount to a verdict of not guilty. The claim is not tenable. The record discloses that the clerk considered the verdict as a finding of guilty of assault with intent to commit the crime of rape, and inquired from the jurors if such was their finding. To such question the jurors answered affirmatively. The response from all of the members of the jury indicates conclusively that they intended to return the verdict as the clerk recorded it. The failure of the foreman to accurately describe the offense of which the jury found defendant guilty does not entitle him to be discharged.

The conclusion reached that there was prejudicial error in the rejection of testimony bearing on the credibility of the prosecutrix renders it unnecessary to consider other questions in the case referred to in the briefs of counsel. The conviction and sentence are reversed, and a new trial granted.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.