CITY OF DETROIT *v.* O'CONNELL,

1. INDICTMENT AND INFORMATION—AMENDMENT—STATUTES.

The court has statutory power to amend an indictment in respect to any defect, imperfection or omission in form or substance or any variance with the evidence (MCLA § 767.76).

2. INDICTMENT AND INFORMATION—AMENDMENT—ORDINANCE VIOLATION—DISMISSAL OF JOINED COUNTS—INSTRUCTIONS TO JURY.

Dismissal of five out of six counts charging building code ordinance violation, all based on substantially the same transactions during the same time period with respect to the same real property, on ground that the prosecution had not sustained the burden of proof in the dismissed counts, did not require a new trial as to the sixth count where the jurors were instructed to consider only that evidence pertaining to the sixth count.

3. WITNESSES—IRRESPONSIVE ANSWER.

A witness' voluntary and irresponsive answer to a proper question does not ordinarily constitute error.

4. EVIDENCE—ERRONEOUS ADMISSION—PREJUDICE—CURING ERROR.

Error in the admission of testimony is not prejudicial if it is cured by striking the testimony and charging the jury on the point.

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division, John R. Kirwan, J. Submitted Division 1 October 10, 1969, at Detroit. (Docket No. 5,591.) Decided October 27, 1969.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations § 177 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 602.
[4] 5 Am Jur 2d, Appeal and Error § 601 *et seq.*

Leave to appeal denied January 27, 1970. See 383 Mich 762.

John O'Connell was convicted of violating the building code of the city of Detroit. Defendant appeals. Affirmed.

*Robert Reese,* Corporation Counsel, and *Cornel Smith,* Assistant Corporation Counsel, for the city of Detroit.

*Peter C. Sulser,* for defendant.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

PER CURIAM. This is an appeal from a jury verdict in recorder's court for the city of Detroit, traffic and ordinance division, finding defendant guilty of a violation of the building code of the city of Detroit. Appellant contends that testimony of other building code violations, with which he was charged, necessitated a new trial when these companion charges were stricken. He also contends that prejudicial error occurred when a witness for the city referred to building code violations he had found on a prior inspection.

With reference to the striking of the five companion offenses, we note that all of these charges were based upon substantially the same transactions and that all of the acts occurred within the same period and were related to the same real estate.

The court, in dismissing these charges, found that the prosecution had not sustained the burden of proof in these charges sufficiently to go to the jury.

"The court may at any time before, during, or after the trial amend the indictment in respect to

any defect, imperfection or omission in form or substance or any variance with the evidence." MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016).

We find as to the above that no prejudicial error occurred. The record indicates that proper instructions were given to the jury by the court cautioning the jurors to consider only that evidence pertaining to the remaining charge during their deliberations.

Regarding the statement made by the city's witness, there was no prejudicial error committed here in that the testimony was stricken and the court charged the jury on this point sufficiently to correct any defect that might have arisen.

"A voluntary and irresponsive answer to a proper question does not ordinarily constitute error." *People* v. *Todaro* (1931), 253 Mich 367, 375.

"If there was error in the admission of this testimony, it was not prejudicial because when stricken out the error was cured." *People* v. *Mitchell* (1941), 298 Mich 172, 181.

This Court finds no prejudicial error. Affirmed.