PEOPLE v MEASLES

1. CRIMINAL LAW—MOTIONS—MISTRIAL—FAIR TRIAL—IMPARTIAL TRIAL.

The test for a defendant's mistrial motion in a criminal prosecution is not whether there were some irregularities at trial but instead whether the defendant had a fair and impartial trial.

2. CRIMINAL LAW—WITNESSES—FAIR TRIAL—IMPROPER REMARKS—INSTRUCTIONS TO JURY—CAUTIONARY INSTRUCTIONS.

A defendant in a trial for larceny in a building was not denied a fair and impartial trial when a witness made a remark about another situation involving the defendant where the record was immediately purged of the objectionable testimony, the jury was asked if they could disregard the statement and they responded affirmatively, and the trial court instructed the jury to disregard the remark completely; the cautionary instruction was sufficient to protect the rights of the defendant.

3. JURY—CRIMINAL LAW—JURY VERDICT—JURY FOREMAN—INACCURATE DESCRIPTION OF VERDICT—POLLING OF JURY.

The failure of a jury foreman to accurately describe the offense of which a jury found defendant guilty does not entitle the defendant to be discharged where the jury was polled and all jury members clearly indicated that they intended to return a verdict consistent with the offense as charged.

Appeal from Ingham, James T. Kallman, J. Submitted Division 2 February 11, 1975, at Lansing. (Docket No. 20367.) Decided March 13, 1975.

Mary T. Measles was convicted of larceny in a building. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trial §§ 1080–1082.
[2] 58 Am Jur, Witnesses § 574 et seq.
    75 Am Jur 2d, Trial §§ 687–690.
[3] 76 Am Jur 2d, Trial § 1111 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *Lawrence J. Emery,* Assistant Prosecuting Attorney, for the people.

*Newman & MacKay,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. On October 30, 1973, defendant Mary Terese Measles was convicted by a jury of larceny in a building. MCLA 750.360; MSA 28.592. On February 22, 1974, the trial court entered an order delaying imposition of sentence until February 22, 1975. MCLA 771.1; MSA 28.1131. Defendant now appeals her conviction as of right. Only those facts necessary to the resolution of the issues before us will be presented.

Defendant claims that the trial court erred in denying her motion for a mistrial based on the fact that the store security officer who apprehended her indicated that some of the notes from which he was testifying "concern another situation a month later with the subject".

The test for a mistrial motion is "not whether there were some irregularities but instead did the defendants have a fair and impartial trial". *People v Foster,* 51 Mich App 213, 217; 214 NW2d 723 (1974), *People v Watson,* 307 Mich 596, 606; 12 NW2d 476, 480 (1943). In this case, the security officer's unresponsive remark came as a result of a question posed to him by the trial court during cross-examination. When defense counsel objected, the trial court immediately purged the record of the objectionable testimony. The court then asked the jury if they could disregard the statement

made by the security officer, and they responded affirmatively. Finally, the trial court instructed the jury to disregard the statement completely since it had nothing to do with the case and could not be considered by them.

Under these circumstances, we find no error. An unresponsive answer to a proper question is not usually error. *People v Histed,* 56 Mich App 630, 634–635; 224 NW2d 721 (1974), see also *Detroit v O'Connell,* 19 Mich App 538; 172 NW2d 875 (1969), wherein the Court cited *People v Todaro,* 253 Mich 367; 235 NW 185 (1931). In our opinion, this singular unresponsive remark by the witness did not deprive defendant of a fair and impartial trial and it was not error, therefore, to deny the motion for a mistrial. The instructions of the court sufficiently informed the jury how to evaluate the evidence presented to them and the cautionary instruction which the trial court gave was sufficient to protect the rights of the defendant. If defendant desired further instruction to the jury, a request should have been made.

Defendant next contends that the jury's verdict was void and that she is, therefore, entitled to a new trial. When the trial court asked the foreman of the jury for their verdict, he responded, "guilty of larceny". The trial court then established that their verdict was in fact that defendant was guilty of larceny in a building. In order to clarify the verdict, the jury was polled and each juror responded affirmatively when asked "was that and is this your verdict of guilty of larceny in a building?"

Defendant was not charged with larceny, the trial court did not instruct as to it, nor was such an instruction requested by defense counsel who conceded that the only possible verdicts were guilty or not guilty of larceny in a building. In

*People v Holliday,* 44 Mich App 210, 216; 205 NW2d 93 (1972), this Court held as follows:

"The verdict of the jury has to be clear. It is a matter of right that a defendant have a proper record made of the exact offense of which he has been convicted. *People v Stuart,* 274 Mich 246; 264 NW 359 (1936). In circumstances where the foreman's statement of the jury's decision is not clear, the trial court has an obligation to ascertain the real verdict of the jury. *Rabior v Kelley,* 194 Mich 107; 160 NW 392 (1916); *Standard Oil Co v Gonser,* 331 Mich 29; 49 NW2d 45 (1951). The trial court's questioning of the foreman simply clarified the verdict. *People v Fleish,* 306 Mich 8; 9 NW2d 905 (1943); *People v Jenkins,* 23 Mich App 39; 178 NW2d 103 (1970). The jury was properly polled. We find no prejudicial error."

See also *People v Williams,* 47 Mich App 392, 393–394; 209 NW2d 471 (1973).

We likewise find no prejudicial error. The response from all of the members of the jury clearly indicates that they intended to return a verdict of guilty of larceny in a building. The failure of the foreman to accurately describe the offense of which the jury found defendant guilty does not entitle her to be discharged. See *People v Bastian,* 330 Mich 457, 464; 47 NW2d 692 (1951).

Finally, we have examined the additional claims of error of improper voir dire inquiry by the trial court and lack of proof beyond a reasonable doubt and find neither merits reversal. Hence we do not discuss them.

Affirmed.